The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the opinion of award, except for minor modifications. Accordingly the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour, with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The defendant is a duly qualified self-insured, with Key Risk Management Services as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Deputy Commissioner Edward Garner, Jr. on April 14, 1999 ordered defendant to pay plaintiff $330.37 per week from January 2, 1996 until he returns to gainful employment or further order of the Commission.
5. Pursuant to the Order of Special Deputy Commissioner Myra Griffin of July 10, 2001, plaintiff's benefits were suspended due to his failure to comply with vocational rehabilitation. Plaintiff is currently not receiving benefits.
6. Defendant paid temporary total disability compensation to plaintiff from January 4, 1996 through July 18, 2001 at a rate of $330.37 per week.
7. The issues for decision in this matter are limited to: 1) What amount of compensation, if any, is plaintiff entitled to receive for a permanent partial disability rating to his back? and 2) Whether plaintiff is entitled to receive continued medical care.
 * * * * * * * * * * * EXHIBITS
The following exhibits were admitted into evidence:
 a. Stipulated Exhibit 1: Pre-Trial Agreement
 b. Stipulated Exhibit 2: Plaintiff's medical records
 c. Opinion and Award filed April 14, 1999 and the Administrative Order filed July 10, 2001 in IC No. 606496.
 * * * * * * * * * * *
Based upon the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained an injury by accident to his low back arising out of and in the course of his employment on January 4, 1996. For this injury, plaintiff received total disability compensation from defendant at the rate of $330.37 per week from the date of injury through July 18, 2001.
2. Following the injury, plaintiff was treated by a number of health care professionals as set forth in the Opinion and Award filed April 14, 1999. Plaintiff underwent a surgical decompressive hemilaminectomy with excision of HNP at L4-5 by Dr. James C. Harvell on or about March 10, 1997.
3. Plaintiff reached maximum medical improvement for his compensable injury on November 11, 1997.
4. Dr. Harvell assigned plaintiff a ten percent (10%) permanent partial disability rating to his back. Plaintiff underwent a second opinion evaluation with Dr. T. Craig Derian on May 17, 2005, and Dr. Derian assigned plaintiff a twenty percent (20%) permanent partial disability rating to his back.
5. Per defendant's contentions, defendant does not contest continued medical treatment, provided that such treatment is related to plaintiff's compensable back injury, the treatment is provided by an authorized medical provider, and the treatment is not barred by N.C. Gen. Stat. § 97-25.1. Any issue regarding a change of treating physician is not presently before the Commission. Plaintiff has not presented evidence to establish entitlement to lifetime medical compensation.
6. Plaintiff's weekly compensation benefits were suspended because he failed to comply with vocational rehabilitation efforts. Upon a showing that he is complying with such efforts, the law entitles him to have the suspension ended. To the date of this Opinion and Award, plaintiff has made no such showing.
7. When an injured worker fails to make an election between the more munificent remedy of permanent partial disability or continuing temporary total disability, the law requires that the Industrial Commission ensure that the worker receives the more munificent remedy. In the instant matter, the temporary total disability that plaintiff received up until the time his compensation was suspended because of noncompliance with a vocational rehabilitation order of the Industrial Commission exceeded what plaintiff would have received had he chosen to the accept his 20% permanent partial disability rating. He is not entitled to both.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Assuming for the purpose of argument that plaintiff is entitled to the higher permanent partial disability rating of twenty percent (20%) to his back, plaintiff would be entitled to receive 60 weeks of compensation for his rating from his date of maximum medical improvement, November 11, 1997. Plaintiff received total disability compensation pursuant to N.C. Gen. Stat. § 97-29 after November 11, 1997 for a number of weeks exceeding 60 weeks.
2. At the point of maximum medical improvement, plaintiff is required to elect the more favorable remedy between N.C. Gen. Stat. § 97-29 benefits for lost earning capacity and N.C. Gen. Stat. § 97-31 benefits for a disability rating. The total disability compensation paid pursuant to N.C. Gen. Stat. § 97-29
was the more favorable remedy, and thus plaintiff received those benefits "in lieu of" compensation for permanent partial disability pursuant to N.C. Gen. Stat. § 97-31. Therefore, no additional compensation is due under N.C. Gen. Stat. § 97-31. N.C. Gen. Stat. §§ 97-30; 97-31; Collins v. Speedway MotorSports Corp., 165 N.C.App. 113, 598 S.E.2d 185 (2004).
3. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, subject to the N.C. Gen. Stat. § 97-25.1 statutory time bar provisions of the Act. N.C. Gen. Stat. §§ 97-2(19); 97-25; 97-25.1.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional compensation pursuant to N.C. Gen. Stat. § 97-31 must be, and the same is hereby, DENIED.
2. Defendant shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, subject to the provisions of N.C. Gen. Stat. § 97-25.1.
3. Each side shall bear its own costs.
This 28th day of September 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER